LAURA E. INNES, BAR NO. 124259
LInnes@sgilaw.com
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorney for Defendant
Midstate Construction Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>MIDSTATE CONSTRUCTION CORPORATION,<br><br>   Defendant. | Case No. C074974JL<br><br>**DEFENDANT MIDSTATE CONSTRUCTION CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

DEFENDANT (hereinafter "Defendant") answer the Complaint for Damages as follows:

**GENERAL ALLEGATIONS**

1. In answer to paragraph 1 of the Complaint, Defendant admits that the referenced statutory material states what it states. Except as expressly admitted herein, Defendant denies the allegations contained in this paragraph 1

2. In answer to paragraph 2 of the Complaint, Defendant admits the employment practices alleged to be unlawful were allegedly being committed within the jurisdiction of the United States District Court for the Northern District of California, San Francisco/Oakland division.

3.      In answer to paragraph 3 of the Complaint, Defendant admits that the alleged unlawful employment practices were allegedly being committed within, *inter alia*, Sonoma and Alameda Counties. Defendant admits the employment records relevant to the alleged unlawful practices are located in Somona County. Defendant admits that Defendant's principal place of business is in Sonoma County. Except as expressly admitted herein, Defendant denies the allegations of paragraph 3.

4.      In answer to paragraph 4 of the Complaint, Defendant admits the allegations of paragraph 4.

5.      In answer to paragraph 5 of the Complaint, Defendant admits that during all relevant periods alleged in this complaint, Defendant has continuously employed at least 15 employees. Except as expressly admitted herein, Defendant denies the allegations of paragraph 5.

6.      In answer to paragraph 6 of the Complaint, Defendant admits the allegations of paragraph 6.

7.      In answer to paragraph 7 of the Complaint, Defendant admits that more than thirty days prior to the institution of this lawsuit, Charging Party on EEOC Charge No. 370-2006-00270 filed said charge with the Equal Employment Opportunity Commission. Except as expressly admitted herein, Defendant denies the allegations of paragraph 7.

8.      In answer to paragraph 8 of the Complaint, Defendant jointly, severally, generally, specifically, conjunctively and disjunctively denies each and every allegation of paragraph 8.

9.      In answer to paragraph 9 of the Complaint, Defendant Defendant jointly, severally, generally, specifically, conjunctively and disjunctively denies each and every allegation of paragraph 9.

10.     In answer to paragraph 10 of the Complaint, Defendant Defendant jointly, severally, generally, specifically, conjunctively and disjunctively denies each and every allegation of paragraph 10.

11.     In answer to paragraph 11 of the Complaint, Defendant Defendant jointly, severally, generally, specifically, conjunctively and disjunctively denies each and every allegation of paragraph 11.

12. Responding to the Prayer for Relief in the Complaint, Defendant denies, generally and specifically, that Plaintiff, Charging Party or other Latino/Hispanic employees has been or will be damaged in the sums alleged, in any other sum, or al all, by reason of any act or omission of Defendant or any officer, agent or employee of Defendant. Defendant further denies, generally and specifically, that the elements of relief sought are available to Charging party or to Plaintiff or to any other person on the claims alleged.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

13. The Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

14. The Complaint, and each alleged claim contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to 42 U.S.C. §§ 2000e, *et seq.*

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

15. The Complaint, and each purported claim contained therein, is barred in whole or in part because Defendant had an honest, good faith belief that all decisions with respect to Charging Party's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon facts as Defendant understood them.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

16. To the extent that Plaintiff makes allegations or claims with respect to a time period more than 300 days before Charging Party allegedly filed a charge with the Equal Employment Opportunity Commission ("EEOC"), or which were not made the subject of a timely EEOC charge, the Court lacks jurisdiction with respect to any such allegations or claims. 42 U.S.C. §§ 2000e, *et seq.*

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

16. The Complaint, and each purported claim contained therein, is barred to the extent that the allegations contained therein do not reasonably fall within the scope of any claims made in any administrative charge filed by Charging Party with the EEOC.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

17. Charging party has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

18. Neither Plaintiff nor Charging Party is entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

(a) Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Charging Party or that Defendant was motivated by evil motive or intent; and/or

(b) Neither Defendant nor any managerial agent of Defendant committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a reckless indifference towards the rights or safety of others; and/or

(c) The laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because the applicable laws, rules and procedures regarding punitive damages deny due process, impose criminal penalties without the requisite protections and violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution and place an unreasonable burden on interstate commerce.

(d) Defendant at all times made good faith efforts to comply with all applicable laws, including, but not limited to, Title VII.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

19. Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination in its workplace and made good faith efforts to implement and enforce that policy.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2. That Defendant be awarded its reasonable costs and attorneys' fees; and

3. That Defendant be awarded such other and further relief as the Court deems just and proper.

Date: December 10, 2007                    Respectfully submitted,

                                           SIMPSON, GARRITY & INNES
                                           Professional Corporation

                                           By: _____
                                           LAURA E. INNES
                                           Attorneys for Defendant
                                           Midstate Construction Corporation

## PROOF OF SERVICE BY MAIL

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is Simpson, Garrity & Innes, Professional Corporation, 601 Gateway Boulevard, Suite 950, South San Francisco, CA 94080.

On the date indicated below, I served by mail a true copy of the following documents:

**DEFENDANT MIDSTATE CONSTRUCTION CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

I am readily familiar with the practice of this business for collection and processing of documents for mailing with the United States Postal Service. Documents so collected and processed are placed for collection and deposit with the United States Postal Service that same day in the ordinary course of business. The above-referenced document(s) were placed in (a) sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed parties and such envelope(s) was (were) placed for collection and deposit with the United States Postal Service on the date listed below at South San Francisco, California.

William R. Tamayo
Jonathan T. Peck
Cindy O'Hara
Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 11, 2007, at South San Francisco, California.

Danielle Lamica

{CLIENT FILES\8636\21\00082719.DOC}