```
1  WILLIAM R. TAMAYO -- #084965 (CA)
   JONATHAN T. PECK -- #12303 (VA)
2  CINDY O'HARA -- #114555 (CA)
   EQUAL EMPLOYMENT OPPORTUNITY
3    COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California 94105
5  Telephone:   (415) 625-5653
   Facsimile:   (415) 625-5657
6
   Attorneys for Plaintiff EEOC
7
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **MIDSTATE CONSTRUCTION CORPORATION,** <br><br> Defendant. | Civil Action No. C-07-04974 JL <br><br> **REQUEST TO EXTEND THE DEADLINE FOR MEDIATION; DECLARATION OF CINDY O'HARA;** ~~[proposed]~~ **ORDER** |

### REQUEST

Plaintiff Equal Employment Opportunity Commission (EEOC) hereby requests that the deadline for completion of mediation in the above-captioned matter, currently set for May 22, 2008 (90 days after the February 22, 2008 assignment of the case to mediation), be extended to August 12, 2008. This request is supported by the accompanying Declaration of Cindy O'Hara, and is not opposed by Defendant Midstate Construction Corporation.

Dated: April 25, 2008                               /S/
                                                    Cindy O'Hara

### DECLARATION OF CINDY O'HARA

I, Cindy O'Hara, declare:

1.   I am an attorney at law licensed to practice in the State of California, a

REQUEST TO EXTEND THE DEADLINE FOR MEDIATION; DECLARATION OF CINDY O'HARA; ORDER   Page 1

senior trial attorney with Plaintiff Equal Employment Opportunity Commission (EEOC), and an attorney of record for Plaintiff EEOC in this matter.

2. Plaintiff EEOC filed this case of national origin based harassment on behalf of a Latino/Hispanic charging party and similarly situated Latino/Hispanic employees.

3. On January 22, 2008, the parties stipulated to the Northern District of California's ADR mediation, and on February 22, 2008 this case was ordered referred to mediation within ninety (90) days. After some difficulties in coordinating a time, the parties held a pre-mediation telephone conference with the assigned mediator on April 2, 2008.

4. During said telephone conference, Defendant's counsel stated that for Defendant to settle the case, Defendant would need to know all the individuals whom the EEOC asserted were similarly situated prior to the mediation.

5. In some other instances of early mediation where the EEOC has sought relief for similarly situated individuals, I have negotiated settlements which provided a fund to be allocated and distributed to similarly situated individuals to be designated by the EEOC after the mediation. Based on Defendant's counsel's statements in the pre-mediation conference, it became clear that a settlement of that nature was not likely in this case.

6. On April 10, 2008, I e-mailed Defendant's counsel Jamie Rudman and explained that the list of Midstate employees which was provided to the EEOC during the EEOC investigation was not complete, and also needed to be updated. I told Ms. Rudman that the EEOC would be requesting a list of employees in written discovery, but to prepare for mediation, the EEOC would need the list as soon as possible. On April 17, 2008 the EEOC served written discovery requesting the employee list; Defendant's responses are due May 17, 2008.

7. The 90 days provided for mediation will expire on May 29, 2008. Plaintiff EEOC needs to have sufficient time after receiving the employee list to interview

REQUEST TO EXTEND THE DEADLINE FOR MEDIATION; DECLARATION OF CINDY O'HARA; ORDER   Page 2

1 potential claimants and, if they are determined to have suffered harassment, what their damages are. The time between Defendant's May 17, 2008 discovery responses and the May 29, 2008 mediation deadline will not be sufficient to complete that task and conduct a mediation.

8. On April 24, 2008, Midstate counsel Jamie Rudman told EEOC Supervisory Trial Attorney Jonathan Peck that she will not be available for mediation in June 2008, and on April 25, 2008, she requested to the mediator that the mediator provide the parties with available dates in July 2008.

9. Jonathan Peck, the EEOC supervisory trial attorney on this case, who represented the EEOC at the first case management conference, and who would attend the mediation as the EEOC management person with authority will unavailable July 11 through 21, 2008. I myself will be unavailable July 25 through August 1, 2008.

10. Given the above factors, Plaintiff EEOC is requesting a two and a half month mediation deadline extension until August 12, 2008.

11. Plaintiff EEOC sought Defendant Midstate's agreement to this request. Defendant's counsel Rudman informed both EEOC Supervisory Trial Attorney Peck and me that Defendant would not stipulate to an application for an extension, but would not oppose it if EEOC made the request.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of April, 2008, at San Francisco, California.

          /S/
      Cindy O'Hara

## ORDER

Having reviewed the papers and good cause appearing therefore,

IT IS HEREBY ORDERED that the last day to complete mediation, currently May 29, 2008, will be extended to August 12, 2008.

Dated: April 28, 2008

                                                             James Larson
                                            U.S. District Court Magistrate Judge