LAURA E. INNES, BAR NO. 124259
JAMIE RUDMAN, BAR NO. 166727
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA  94080
Telephone:  (650) 615-4860
Fax:  (650) 615-4861
LInnes@sgilaw.com
JRudman@sgilaw.com

Attorneys for Defendant
Midstate Construction Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>     v.<br><br>MIDSTATE CONSTRUCTION CORPORATION,<br><br>            Defendant. | Case No. C074974JL<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER THEREON** |

   The parties to this litigation recognize that during the course of this litigation information may be sought and/or disclosed  which may be regarded by the parties as confidential due to the privacy interests of the individuals to whom it pertains.  In recognition of this fact, the parties therefore agree and stipulate as follows:

   A.     Either party may mark as "CONFIDENTIAL":

         (1)     any document from any personnel file of any individual;

         (2)     any document containing any personal identifying information of any individual, such as address, telephone number, social security number, names of family members,

and other personal information. A document containing confidential and non-confidential information can be used in the litigation, provided that the confidential information is redacted.

B.  Any information designated as "CONFIDENTIAL," and all information derived there from (excluding such information as is derived lawfully from an independent source), shall be used only for the purposes of this litigation, and shall not be used for any business, financial or other purpose whatsoever.

C.  Information designated as "CONFIDENTIAL" shall not be given, shown, made available or communicated in any way to any person or entity with the exception of the attorneys of record for each party, the Plaintiff, the Defendant, and the following "qualified persons": Charging Party, Defendant representatives, any expert witness or consultant employed by the attorney of record for the Plaintiff or Defendant, any court reporter(s) employed by either party in this action, and any witness at any deposition or other proceeding in this action. Prior to receiving any CONFIDENTIAL information, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be provided to counsel for the parties at the conclusion of the above set forth matter, whereby the "qualified person" agrees not to use or to disclose to anyone any of the contents of the Confidential Information, to be bound by the terms of this Order, and to submit to the jurisdiction of this Court for adjudication of any dispute about whether such "qualified person" has complied with the terms of this Protective Order.

D.  If the attorneys of record for the Plaintiff or Defendant desire to give, show, make available or communicate to any additional person or entity, other than those described above, any information designated as "CONFIDENTIAL," said attorneys of record for the Plaintiff or Defendant shall first disclose the identity of such person or entity to, and obtain the written consent of, the attorneys of record for the non-disclosing party. Each such additional person or entity to whom the information is to be given, shown, made available or communicated must execute and deliver to the attorneys of record for non-disclosing party, a written instrument in the form of Attachment A, agreeing to be bound by the terms of this order. Only after the foregoing

conditions have been fully satisfied may the information be given, shown, made available or communicated to any person without further order of the Court in this action.

E.  In the event that any CONFIDENTIAL information is used by any party in any court proceeding in this action, it shall not lose its confidential status through such use, and each party shall take all reasonable steps to maintain its confidentiality during such use.

F.  If, during the course of any deposition, the attorneys of record for the deponent assert that an answer to a specific inquiry is subject to the designation "CONFIDENTIAL," said inquiries shall be answered in the presence of attorneys of record and the parties and Charging Party and the court reporter and/or videographer only and that portion of the transcript shall be sealed and subject to disclosure under the same terms and provisions as set forth herein.

G.  Any party hereto which files with the Court any transcript of deposition, exhibit, answers to interrogatories or requests for admissions or any other documents which have been designated as "CONFIDENTIAL," or any pleading or memorandum that reproduces, quotes or excerpts such "CONFIDENTIAL" information shall follow the procedures for filing records under seal set forth in the Federal Rules of Civil Procedure and any other applicable regulations or Local Rules of Court.  The documents shall clearly indicate which portions are designated to be confidential.  A copy of this Stipulation for Protective Order and Protective Order shall be submitted with the filed materials.

H.  Any court reporter who transcribes the testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such shorthand reporter or shall be delivered to the attorney of record or filed with the Court.

I.  If, subsequent to Plaintiff's or Defendant' acceptance of information designated "CONFIDENTIAL," it shall appear to the Plaintiff or Defendant that any such information is not of a nature warranting the protection afforded hereunder, the Plaintiff or Defendant may bring on

for determination a noticed motion to be relieved entirely or in part from the provisions of this order.

J. This Order shall be without prejudice to the right of the Plaintiff or Defendant to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein, or for modification of this Order.

K. Any "CONFIDENTIAL" information may be used by any party at any trial of this action subject to the rules of evidence, the requirements of this Order, or such other order as the Court may enter.

L. The designation by counsel for the Plaintiff or Defendant of any document, material or information as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this case, and such designation or failure to make the designation shall not be construed in any way as an admission or agreement by the Plaintiff or Defendant that the designated disclosure does or does not constitute or contain any confidential information in contemplation of law.

M. No part of the restrictions imposed by this Order may be terminated except by the written stipulation executed by counsel of record for the Plaintiff or Defendant, or by an order of the Court for good cause shown. This Order shall survive the final termination of this action to the extent that the information designated as "CONFIDENTIAL" is not or does not become known to the public by unrelated means, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

N. Upon the final disposition of this action: (a) the attorneys of record for Defendant shall promptly return to the Plaintiff all items which have been marked "CONFIDENTIAL," all copies made thereof, including any of said items or copies thereof, and all writings related thereto, including but not limited to notes, analysis, memoranda or reports provided to any other persons; and (b) all papers filed in Court by either party shall, upon request, be returned to the party filing the same. However Defendant's attorneys of record may retain one record copy of any items filed with the Court upon notice to the other party's attorneys of record of such retention and subject to

the terms of this Order. Attorneys for Plaintiff EEOC will segregate any documents marked as "CONFIDENTIAL", and place in an envelope marked with the designation "Protected from disclosure by Exemptions 6 and 7(c) of the Freedom of Information Act."

Date: August 5, 2008              SIMPSON, GARRITY & INNES
                                  Professional Corporation

                                  By:        /s/
                                      LAURA E. INNES
                                      JAMIE RUDMAN
                                      Attorneys for Defendant
                                      MIDSTATE CONSTRUCTION
                                      CORPORATION

Date: August 5, 2008              EQUAL EMPLOYMENT OPPORTUNITY
                                  COMMISION

                                  By:        /s/
                                      WILLIAM R. TAMAYO
                                      JONATHAN T. PECK
                                      CINDY O'HARA
                                      Attorneys for Plaintiff
                                      EQUAL EMPLOYMENT OPPORTUNITY
                                      COMMISION

**EXHIBIT A**

I, _____, declare under the penalty of perjury under the laws of the State of California that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order ("Stipulation") in the matter of *EEOC v. Midstate Construction Corporation, United State District Court, Northern District Case No. C074974JL* that I will not use or disclose to anyone any of the contents of any CONFIDENTIAL INFORMATION received under the protection of the Stipulation except for purposes directly related to this litigation, as explicitly allowed by the Stipulation, and agree to be bound by the terms and conditions of the Stipulation. I further agree to submit to the jurisdiction of the Court in the above set forth action for adjudication of any dispute about whether I have complied with the terms of the Stipulation.

I understand that I am to retain all copies of any of the materials that I receive which have been so designated as "CONFIDENTIAL" in a container, cabinet, drawer, room or other safe place in a manner consistent with this Stipulation, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Stipulation. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Stipulation

Dated: _____

By: _____

Type or Print Name: _____

## ORDER

Pursuant to the above stipulation,

IT IS SO ORDERED:

Dated: _____         _____
                                     District Court Judge