LAURA E. INNES, BAR NO. 124259
JAMIE RUDMAN, BAR NO. 166727
SIMPSON, GARRITY, INNES & JACUZZI
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA  94080
Telephone:  (650) 615-4860
Fax:  (650) 615-4861
LInnes@sgilaw.com
JRudman@sgilaw.com

Attorneys for Defendant
Midstate Construction Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MIDSTATE CONSTRUCTION CORPORATION,<br><br>Defendant. | Case No. C074974JL<br><br>**CONSENT DECREE** |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of discrimination based on national origin, and to provide appropriate relief to Charging Party Fermin Casas ("Charging Party"), and similarly situated individuals, whom the Commission alleged were adversely affected by such practices.  The Commission alleged that Defendant Midstate Construction Corporation ("Midstate") subjected Mr. Casas similarly situated individuals of Latino/Hispanic national origin to harassment based on their national origin.  Defendant has denied the above allegations and claims.  The Commission and Defendant Midstate now seek to resolve this action without further

{CLIENT FILES\8636\21\00134616.DOC}                                                                                                        - 1 -
CONSENT DECREE

contested litigation through the instant Consent Decree.  This resolution does not constitute an admission of liability on the part of Midstate, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Midstate in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Midstate will each bear its own costs and attorneys fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6. Midstate and its current officers, agents, employees, and all persons in active concert or participation with them is enjoined from discriminating based national origin or permitting the existence of a work environment that is hostile to employees based on their national origin, as prohibited under Title VII.

7. Midstate and its current officers, agents, employees, and all persons in active concert or participation with them is enjoined from engaging in, implementing or permitting any action, policy or practice which retaliates against Charging Party Casas, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case.

8. Receipt of the monetary relief provided pursuant to this decree shall not be conditioned on  any recipient (a) maintaining as confidential the terms of this decree, (b) waiving

any statutory right to file a charge with any federal or state anti-discrimination agency, except for any claims encompassed by the allegations of the Complaint in this action, or which could have been asserted in this action, or (c) resigning his/her employment and/or agreeing not to apply for re-employment with Midstate.  The EEOC will not assert any additional claims against Defendant that could have been asserted in this lawsuit.

**SPECIAL INJUNCTIVE RELIEF**

**Non-Discrimination Policies and Complaint Procedures**

9.  Within thirty (30) days of the entry of this Consent Decree, Midstate will issue a written anti-harassment policy, in English and Spanish.  Said policy will incorporate the following policy statement:

> Midstate Construction Corporation is firmly committed to creating and maintaining a workplace free of discriminatory harassment; to swiftly and firmly responding to any acts of harassment of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all employees.  Midstate encourages its employees to come forward with complaints of discrimination or harassment, and will not retaliate against individuals who report harassment in the workplace.

10.  In order to accomplish the objectives reflected in the policy statement referenced in paragraph 9 of this Decree, Midstate will make sure that its written anti-harassment policy (a) includes definitions of discriminatory harassment, with specific reference to harassment based on national origin; (b) includes examples to supplement the previously mentioned definitions of harassment based on national origin; (c) provides for substantial discipline and/or corrective action for incidents of discriminatory harassment; (d) includes strong non-retaliation language with examples to supplement the definition of retaliation, (e) provides for substantial discipline for incidents of retaliation; (f) provides that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (g) explains that Midstate will conduct a prompt and thorough investigation after a complaint is made or received and, where appropriate, will take remedial action upon conclusion of an investigation; and (h) indicate that, promptly upon the conclusion of the investigation of a complaint, Midstate will communicate to the complaining party the results of the investigation and a description of the remedial actions

taken or proposed, if any.

Midstate's above-referenced written anti-harassment policy will contain a complaint procedure that will encourage employees to come forward with complaints about violations of its harassment policy. As part of the policy, Midstate shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation. Midstate's anti-harassment policy will notify employees that they may lodge a complaint with **their Project Superintendent, Monica Soiland, Monica Morgenlaender or Wes Barry.** The complaint procedure will provide a method for employees to make complaints in Spanish. Midstate's written complaint procedure will be posted, in Spanish and English, in a prominent place accessible to all employees.

11. Within ten (10) days of the completion of its anti-harassment policy, Midstate will distribute it to all workers, and will provide copies to all new and returning workers as they enter or re-enter the workforce.

**Training**

12. Midstate will use an outside consultant, paid for by Midstate, to train all management employees once each year during the term of this decree, concerning national origin discrimination, including the legal prohibitions on harassment, and other forms of unlawful harassment and discrimination. Said trainings will be of no less than two hours in length per training, and will be introduced by a member of upper management for Midstate. Said trainings will be conducted in Spanish for any attendee who requests it. In addition, Midstate will address national origin discrimination, including the legal prohibitions on harassment, in one safety meeting per year (in the summer season) with non-supervisory employees.

**Supervisory Accountability**

13. In addition to the training specified in Paragraph 13, Midstate will use an outside consultant to provide two additional hours of training to Nello Ghilarducci. Mr. Ghilarducci does not currently supervise any other employees and he will not supervise any other employee until he receives the training described in this paragraph. Midstate will provide written notice to the EEOC within 30 days of Mr. Ghilarducci being assigned to a supervisory position.

{CLIENT FILES\8636\21\00134616.DOC} - 4 -

CONSENT DECREE

14. Midstate will revise its performance evaluation forms for its supervisors to include an evaluation of the supervisor's performance in preventing discrimination and harassment on the crew(s) that he/she supervises.

Midstate will draft and include in the personnel file of Nello Ghilarducci a letter stating that the U.S. Equal Employment Opportunity Commission that there was reasonable cause to believe that he engaged in national origin-based harassment in violation of Title VII of the Civil Rights Act of 1964. The letter will further state that, although Midstate disagrees with the EEOC's determination, any future of the anti-discrimination/anti-harassment provisions of Title VII will result in disciplinary action, up to and including termination. A copy of said letter is attached hereto as Exhibit A.

**Record Keeping and Reports**

15. Within ten (10) days of the completion of its anti-harassment policy, Midstate will send a copy of said policy to counsel for the Commission.

16. Within thirty (30) days after completing each training session described in Paragraphs 13 and 14, Midstate will mail to counsel for the Commission a report containing the date of training, the name and position of the individual from upper management who introduced the training, an outline of the training content, a list of all attendees, and copies of all materials distributed at the training.

17. Once every six (6) months, to be measured beginning at the date of entry of this Consent Decree and continuing for the duration of this Consent Decree, Midstate will notify the counsel for the Commission whether it has received any complaints of sexual harassment or national origin harassment from its employees (whether said complaints were filed with an administrative agency or simply raised to a management official at the workplace), what steps were taken in response to that information, and how the situation was resolved.

**MONETARY RELIEF**

18. Midstate will pay the sum of Fifty Thousand Dollars ($50,000.00) as damages and in complete satisfaction of the Commission's claims against Midstate as set forth in its Complaint. This sum will be allocated by the Commission, at its sole discretion, among the Charging Party and

similarly situated employees.  This sum will be paid by check made out directly to each individual designated by the Commission, and will be mailed to them at addresses to be provided to Midstate by the Commission, with a copy of the check and any transmittal letter to counsel for the Commission.  Said checks will be issued and sent by Midstate's counsel or other agent within ten (10) days of transmission of the names of the individuals to whom the sum is being allocated and the amount of allocation to each individual. Midstate will also cause IRS Form 1099s to be issued to each such individual.  Any monies not distributed to the Charging Party and similarly situated employees will be distributed evenly to La Luz Center in Sonoma, California and the Mexican American Legal Defense and Education Fund in Los Angeles, California upon the written request of the Commission.

**EXPIRATION OF CONSENT DECREE**

19. This Consent Decree constitutes a full and final resolution of all the Commission's claims against Midstate in this action. This Consent Decree will be in effect for one (1) year, and will expire at midnight of the date two (2) years after its entry by the Court, provided that Midstate has substantially complied with the terms of this Consent Decree.  Midstate will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Midstate has failed to comply with any of the terms of this Decree.

**E-filing concurrence:**    I, Jamie Rudman, attorney for Defendant Midstate Construction Corporation, attest that I have obtained the concurrence of Evangelina Hernandez, attorney for Equal Employment Opportunity Commission, for the lodging of this Consent Decree.

| On Behalf of Plaintiff Commission: | On Behalf of Defendant Midstate: |
|---|---|
| Dated: June 8, 2010 | Dated: June 8, 2010 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | SIMPSON, GARRITY, INNES & JACUZZI |
| /s/ | /s/ |
| EVANGELINA HERNANDEZ | JAMIE RUDMAN |

## ORDER

It is so ordered.   The Case Management Conference is hereby VACATED.

Dated: __June 11, 2010_____      _____/s/ James Larson_____
U.S. District Court Magistrate Judge